UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUMESINDO RIVERA,

    Plaintiff,

v.

Correctional Officer C.B. ESPINOZA,

    Defendant.

No. C 05-779 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Gumesindo Rivera, currently incarcerated at the California Correctional Institution in Tehachapi, California, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

In his complaint, Rivera complains of an incident that occurred when he was housed at the Correctional Training Facility in Soledad. Rivera alleges that he was a validated associate of the Northern Structure prison gang and inmate Barrera was a validated member of that gang. Rivera further alleges that correctional officer Espinoza told inmate Barrera that Rivera was moving off the second tier at the prison because he was debriefing. Disclosing the fact that Rivera was debriefing allegedly endangered Rivera because when a prisoner debriefs, he discloses information about the gang and drops out of the gang. Those who debrief allegedly are targeted for retaliation inside and outside of prison by their former gang. Rivera claims that

he and his family are in danger as a result of the fact that someone in the Northern Structure now knows that Rivera debriefed.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment encompasses claims concerning prison officials' attention to the safety of prisoners. Prison officials must take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, officials have a duty to protect prisoners from violence at the hands of other prisoners. See id. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). A prisoner may state a § 1983 claim against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an prisoner by another prisoner. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

The complaint does not state a claim for relief for an Eighth Amendment violation. Rather, it suggests that there was almost an Eighth Amendment violation. No reprisal from the gang actually occurred. Although correctional officer Espinoza's actions allegedly put Rivera in danger by suggesting he was a "snitch," neither Rivera nor his family were harmed as a result of the alleged

2

disclosure which occurred at least six months before the complaint was filed. There is case law to the effect that a prisoner need not wait until he is actually assaulted to state a claim for deliberate indifference and obtain relief, but that rule applies where the prisoner seeks injunctive relief rather than damages. See Farmer, 511 U.S. 825, 845 (1994); cf. Lewis v. Casey, 518 U.S. 343, 350 (1996) (distinction between executive and judicial branches "would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly"). Here, Rivera does not seek injunctive relief and instead seeks only money damages from the lone defendant. Leave to amend the prayer for relief to include one for injunctive relief will not be granted because Rivera has been moved to a different prison from that in which the alleged disclosure occurred so the lone defendant (a correctional officer at the old prison) could not be the subject of injunctive relief in this action. That is, correctional officer Espinoza, who works at the prison in Soledad, could not reasonably be ordered to take steps to protect Rivera's safety at the prison in Tehachapi. Even construing the complaint liberally, as the court must do for the pro se plaintiff, no Eighth Amendment violation occurred or is imminent based on the facts alleged.

## CONCLUSION

The complaint does not state a claim for relief under 42 U.S.C. § 1983 for an Eighth Amendment violation. The complaint is dismissed without leave to amend. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July _13_, 2005              _____
                                    SUSAN ILLSTON
                                    United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUMESINDO RIVERA,                                         No. C 05-779 SI (pr)

    Plaintiff,                                               **ORDER OF DISMISSAL**

    v.

Correctional Officer C.B. ESPINOZA,

    Defendant.
                                              /

### INTRODUCTION

Gumesindo Rivera, currently incarcerated at the California Correctional Institution in Tehachapi, California, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

### BACKGROUND

In his complaint, Rivera complains of an incident that occurred when he was housed at the Correctional Training Facility in Soledad. Rivera alleges that he was a validated associate of the Northern Structure prison gang and inmate Barrera was a validated member of that gang. Rivera further alleges that correctional officer Espinoza told inmate Barrera that Rivera was moving off the second tier at the prison because he was debriefing. Disclosing the fact that Rivera was debriefing allegedly endangered Rivera because when a prisoner debriefs, he discloses information about the gang and drops out of the gang. Those who debrief allegedly are targeted for retaliation inside and outside of prison by their former gang. Rivera claims that

he and his family are in danger as a result of the fact that someone in the Northern Structure now knows that Rivera debriefed.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment encompasses claims concerning prison officials' attention to the safety of prisoners. Prison officials must take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, officials have a duty to protect prisoners from violence at the hands of other prisoners. See id. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). A prisoner may state a § 1983 claim against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an prisoner by another prisoner. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

The complaint does not state a claim for relief for an Eighth Amendment violation. Rather, it suggests that there was almost an Eighth Amendment violation. No reprisal from the gang actually occurred. Although correctional officer Espinoza's actions allegedly put Rivera in danger by suggesting he was a "snitch," neither Rivera nor his family were harmed as a result of the alleged

disclosure which occurred at least six months before the complaint was filed. There is case law to the effect that a prisoner need not wait until he is actually assaulted to state a claim for deliberate indifference and obtain relief, but that rule applies where the prisoner seeks injunctive relief rather than damages. See Farmer, 511 U.S. 825, 845 (1994); cf. Lewis v. Casey, 518 U.S. 343, 350 (1996) (distinction between executive and judicial branches "would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly"). Here, Rivera does not seek injunctive relief and instead seeks only money damages from the lone defendant. Leave to amend the prayer for relief to include one for injunctive relief will not be granted because Rivera has been moved to a different prison from that in which the alleged disclosure occurred so the lone defendant (a correctional officer at the old prison) could not be the subject of injunctive relief in this action. That is, correctional officer Espinoza, who works at the prison in Soledad, could not reasonably be ordered to take steps to protect Rivera's safety at the prison in Tehachapi. Even construing the complaint liberally, as the court must do for the pro se plaintiff, no Eighth Amendment violation occurred or is imminent based on the facts alleged.

## CONCLUSION

The complaint does not state a claim for relief under 42 U.S.C. § 1983 for an Eighth Amendment violation. The complaint is dismissed without leave to amend. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July _13__, 2005

_____
SUSAN ILLSTON
United States District Judge

3